UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**LORENZO PERKINS, JR., ET AL.**          CASE NO.  3:21-CV-01701

**VERSUS**                                JUDGE TERRY A. DOUGHTY

**SHEFFIELD RENTALS, INC., ET AL.**       MAG. JUDGE KAYLA D. MCCLUSKY

REPORT AND RECOMMENDATION AND MEMORANDUM ORDER

Before the undersigned is a motion for leave to amend and a motion to remand filed by Plaintiffs Lorenzo Perkins, Jr. ("Perkins") and Pamela Perkins (together, "Plaintiffs"). [doc. #s 31, 32]. Defendants Sheffield Rentals, Inc. ("Sheffield"), Employers' Mutual Casualty Company ("Employer's"), and Love's Travel Stops & Country Stores, Inc. ("Love's") (together, "Defendants") oppose both motions. [doc. #s 34, 37]. For the reasons assigned below, it is ordered that Plaintiffs' motion for leave to amend is granted in part and denied in part. As a result, it is recommended that Plaintiffs' motion to remand also be denied.

I.  FACTUAL BACKGROUND

This suit arises from an incident in February 2021 at a Love's gas station and convenience store (the "Store") in Tallulah, Louisiana. [doc. #34-, p. 4]. A winter storm had interrupted the Store's plumbing, so it arranged for Sheffield to provide four portable toilets to be delivered to the Store. *Id.*

Plaintiffs claim that when the Sheffield employees tasked with delivering the portable toilets arrived at the Store, they were instructed by "an African-American" woman in her "late twenties or early thirties" (the "Cashier") as to where to put the toilets. *Id.* at ¶ 21.  The portable

toilets were ultimately situated outside the Store, with approximately twelve inches between the toilet doors and the curb. *Id.* at 5; [doc. #34-7, p. 2].

On February 22, 2021, Perkins was a customer at the Store and went to use the portable toilets. [doc. #1-1 ¶ 2]. As he was exiting the restroom, Perkins fell and injured himself. *Id.*

On June 1, 2021, Plaintiffs filed suit against Defendants in the Sixth Judicial District Court for the Parish of Madison.[1] [doc. #1-1]. Plaintiffs' Complaint alleges "that the condition of the area of the restroom failed to meet applicable codes and/or standard and did not have proper means of egress and landing when exiting the restroom." *Id.* at ¶ 4.

On June 16, 2021, Sheffield removed to this Court on the basis of diversity jurisdiction. [doc. #1]. In its Notice of Removal, Sheffield alleges that Plaintiffs are citizens of Louisiana; Sheffield is a citizen of Mississippi; and Love's is a citizen of Oklahoma. [doc. #1 ¶¶ 3-6]. In its Amended Notice of Removal, Sheffield alleges that Employer's is a citizen of Iowa. [doc. #21 ¶ 1].

On June 6, 2022, Plaintiffs filed the instant motion for leave to amend for the purpose of adding as Defendants Contina Ragestar ("Ragestar"), Ajuania Hicks ("Hicks"), Wilson Jamar Smith ("Smith"), Paul Dillard Williams ("Williams"), and Rex Pierce ("Pierce"). [doc. #31-1 ¶ 1]. According to Plaintiffs, deposition testimony recently revealed that Smith and Williams are the Sheffield employees who delivered the toilets to the Store, and Pierce is the supervisor who scheduled them to do so. *Id.* at ¶ 20. Plaintiffs also claim that, based on the description given by Smith and Williams, the Cashier was either Ragestar or Hicks. *Id.* at ¶ 22. Importantly, Plaintiffs allege in their motion to remand that Ragestar and Hicks are citizens of Louisiana. *Id.* Because

---

[1] Plaintiffs also named a second, unidentified insurance company as a defendant. [doc. #1 ¶ 1].

addition of either Ragestar or Hicks would destroy this Court's diversity jurisdiction, Plaintiffs filed a motion to remand contemporaneously with their motion to amend. [doc. #32].

On June 14, 2022, Sheffield filed an opposition to the instant motion and on June 27, 2022, Love's filed its opposition.[2]  [doc. #s 34, 37].  Sheffield's and Love's oppositions addressed both motions.

On June 30, 2022, Plaintiffs filed their reply.  [doc. #38].  Accordingly, both motions are ripe.

## II.     APPLICABLE LAW

Rule 15 provides that leave to amend shall be "freely [granted] when justice so requires." FED. R. CIV. P. 15(a)(2). This rule is circumscribed, however, by 28 U.S.C. § 1447(e) which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Ascension Enters. v. Allied Signal*, 969 F. Supp. 359, 360 (M.D. La. 1997) (Section "1447(e) trumps Rule 15(a)").

Under these circumstances, courts are required to "scrutinize [the] amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Specifically, the court must balance the defendant's interest in maintaining a federal forum, with the competing interest of avoiding parallel lawsuits by considering the following "*Hensgens* factors":

---

[2] Defendants do not make any arguments against the addition of Smith, Williams, and Pierce as defendants and, thus, the undersigned will consider Plaintiffs' motion for leave to amend as unopposed as to those individuals.

3

> [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the inequities. The district court, with input from the defendant, should then balance the equities and decide whether amendment would be permitted. If it permits the amendment of the non-diverse defendant, it must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 367-68 (5th Cir. 2010) (internal citation omitted).

One issue that often is considered within the *Hensgens* rubric is whether the plaintiff has a reasonable possibility of recovery against the non-diverse defendant. For example, a plaintiff will not be "significantly injured" under *Hensgens* by a court's denial of leave to add a clearly meritless claim. *Wilson*, 602 F.3d at 368. Thus, the Fifth Circuit has held that it lies within a district court's "discretion" to deny a proposed amendment as futile, if there is no reasonable basis to predict that the plaintiff will be able to recover against the would-be, non-diverse defendant. *Id.*

An earlier Fifth Circuit panel made it clear that "[a] request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (i.e., a request fraudulently to join a party) would *never* be granted."[3] *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999). In other words, the party opposing joinder has the opportunity to prevent joinder by demonstrating that the plaintiff has no "colorable claim" against the proposed defendant. *Id.* This presents a potentially dispositive threshold issue; for if plaintiffs fail to state a colorable claim, then the court cannot permit amendment. *Cobb*, *supra*.

In determining whether the plaintiff has a colorable claim, the Fifth Circuit has instructed

---

[3] The Court added that, because the improper joinder doctrine (formerly known as the "fraudulent joinder doctrine") applies only to those non-diverse parties on the record in state court at the time of removal, it necessarily does not apply to post-removal joinders. *Cobb*, 186 F.3d at 677.

4

courts to use the same standard applied to a motion to dismiss under Rule 12(b)(6). *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To survive a motion to dismiss, the proposed amended complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The proposed amended complaint must include enough facts to state a claim that is "plausible on its face." *Id.* at 570. A claim is plausible on its face when the district court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

Plaintiffs argue that they have stated a valid cause of action against Ragestar and Hicks, and, thus, the first *Hensgens* factor weighs in favor of amendment. Plaintiffs argue that Love's delegated to Ragestar and Hicks the duty to ensure that the portable toilets were placed in a safe location and that they breached this duty by instructing Sheffield Smith and Williams to position the toilets without sufficient room to exit the restroom. Plaintiffs argue that this renders Ragestar and Hicks personally liable to Plaintiffs. Plaintiffs then argue that the remaining *Hensgens* factors weigh in favor of amendment because Plaintiffs were not dilatory in filing the instant motion; denial would prejudice Plaintiffs in terms of discovery; and the possibility of parallel lawsuits renders amendment equitable.

In its opposition brief, Sheffield argues that Plaintiffs have failed to state a claim that Ragestar or Hicks are individually liable because "[t]here is no evidence that Love's delegated" to Ragestar or Hicks a responsibility to ensure that the portable toilets were in a safe area." [doc. #34, p. 12]. Love's also argues that denial would not prejudice Plaintiffs because any judgment they may receive as to Ragestar and Hicks would be recovered from Love's.

Love's reiterates many of Sheffield's arguments and adds that, even if Ragestar or Hicks instructed the Sheffield employees where to put the restrooms, they would not be held liable. Love's contends that the Sheffield employees' testimony indicates that they heard/observed the Cashier speaking with a manager on the phone and that the manager instructed her where to put the restrooms. Thus, Love's argues that if anyone were personally liable, it would be the manager instructing the Cashier, not the Cashier herself.

In their reply brief, Plaintiffs claim that Defendants, by arguing there is no evidence to support Plaintiffs' claims, have improperly imposed a summary judgment standard on the instant motion. Plaintiffs argue that there is no evidence that the Cashier was not Ragestar or Hicks, and, thus, Plaintiffs have a reasonable chance of recovery. Moreover, Plaintiffs argue that the Cashier could not have been merely passing on instructions from the manager because Barry Zinke, the manager on duty that day, testified that he did not provide those directions. Alternatively, Plaintiffs argue that even if the Cashier was just passing along instructions, she still had an obligation to perform the task in a reasonable and prudent manner.

    i.   *Colorable Claim*

In *Canter v. Koehring Co.*, the Louisiana Supreme Court explained that that "the officer, agent, or employee may . . . be liable for injury resulting from his fault independent of any obligation imposed upon him by virtue of his employment duties, even though the fault occurs during the course of his employment." 283 So.2d 716, 722 n.7. In addition, liability may be imposed on such individuals, even if the duty breached arises solely from the employment relationship. *Ford v. Elsbury*, 32 F.2d 931, 936 (5th Cir. 1994). Where the sole basis for the duty breached by the employee or manager is that imposed by virtue of the employment or agency relationship, then liability may be imposed under the following conditions:

1. The principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought.

2. The duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances – whether such failure be due to malfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's personal responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or malperformance and has nevertheless failed to cure the risk of harm.

*Id.* at 936 (citing *Canter*, 283 So.2d at 721). Stated differently, "[u]nder Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (internal citations omitted).

Here, Plaintiffs argue that Ragestar and Hicks may be found personally liable for breaching a duty Love's owed to its customers and delegated to Ragestar or Hicks. The undersigned agrees with Plaintiffs that, in certain instances, an employee may be held personally liable for failing to discharge an employer-delegated obligation with the degree of care required by ordinary prudence. That said, in this case, Plaintiffs have failed to allege any specific facts to support its recitation of the *Canter* elements, offering only conclusory allegations that these factors are met in this case.

For example, in their proposed pleading, Plaintiffs contend that Ragestar and Hicks "had a duty personal duty [sic] delegated to them by their employers," but offer no support to show that Love's delegated any duty to Ragestar or Hicks.  [doc. #31-1 ¶ 27].  Similarly, Plaintiffs argue that Ragestar and Hicks "were aware or should have been aware of the risk of harm and nevertheless failed to respond to the risk in a manner in which a reasonably prudent person would respond in the same of [sic] similar circumstances." *Id.* at ¶ 26.  Yet, Plaintiffs do not allege a single fact that would show that Ragestar or Hicks was aware of any or that they failed to respond.[4]  Accordingly, Plaintiffs' proposed amended pleading has failed to state a colorable claim, and amendment is denied.[5]

  ii.   *Remaining Hensgens Considerations*

In addition to Plaintiffs' failure to state a colorable claim, a consideration of the other factors weigh against amendment.  While it does not appear that Plaintiffs were dilatory in filing for amendment, the third and fourth *Hensgens* factors weigh against amendment.  First, denial of the instant motion would not result in "substantial prejudice" to Plaintiffs.  If Judge Doughty finds that Ragestar and Hicks were acting within the course and scope of their employment, then Love's will be liable for their negligence.  *See* LA. CIV. CODE art. 2320.  As long as Love's is able to fund

---

[4] The undersigned notes that she rejects Defendants' arguments that the instant motion to amend must be denied because there is no evidence that Love's delegated any duty to Ragestar or Hicks. This argument implicates a motion for summary judgment standard which is inappropriate for the instant motion.  To be clear, Plaintiffs' failure to state a colorable claim under *Cander* does not arise from a lack of evidence, but rather their failure to plead facts in the proposed amendment which support the claims against Ragestar and Hicks.

[5] The parties dispute whether Hicks remains a Louisiana citizen for purposes of diversity, or whether she is now domiciled in Texas.  However, even if Hicks is now a Texas citizen, the undersigned would still deny joinder because, even a diverse defendant should not be joined if a claim against her is futile.  *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

any judgment rendered in Plaintiffs' favor (and there is no suggestion that it cannot), then Plaintiffs likely would not suffer any financial repercussions from denial of amendment. Moreover, although Plaintiffs contend that they "could suffer prejudice in discovery and case preparation if the new defendants were to remain non-parties," Plaintiffs have already deposed Ragestar[6] and, thus, any prejudice Plaintiffs may suffer is not substantial. Second, other considerations "bearing on the equities" weigh in favor of denying the instant motion. This case has been in federal court for more than one year, and a scheduling order remains in effect. Deadlines for discovery and dispositive motions are quickly approaching, and trial is currently scheduled for less than nine months from the date of this order.

A. Motion to Remand

The undersigned has denied Plaintiffs' motion to amend to add non-diverse defendants, and, thus, this Court's subject matter jurisdiction remains intact. *Cobb, supra*. Thus, there is no basis for remand.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' motion for leave to amend is **GRANTED IN PART** and **DENIED IN PART**.[7] The motion to amend is **GRANTED** as to Pierce, Williams, and Smith. The motion to amend is **DENIED** as to Hicks and Ragestar. As a result,

**IT IS RECOMMENDED** that Plaintiffs' motion to remand be **DENIED**.

---

[6] It is not entirely clear whether Plaintiffs have deposed Hicks. However, Hicks may still be deposed as a witness.

[7] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 12th day of August, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE