UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**LORENZO PERKINS JR ET AL**                    **CASE NO. 3:21-CV-01701**

**VERSUS**                                      **JUDGE TERRY A. DOUGHTY**

**SHEFFIELD RENTALS INC ET AL**                 **MAG. JUDGE KAYLA D. MCCLUSKY**

MEMORANDUM RULING

Before the Court are Motions for Summary Judgment [Doc. Nos. 47 and 49] filed by Defendants Sheffield Rentals, Inc. ("Sheffield"), Employers Mutual Casualty Co. ("Employer's Mutual"), and Defendant Love's Travel Stops & Country Stores, Inc. ("Loves").

Oppositions [Doc. Nos. 51 and 52] were filed by Plaintiffs Lorenzo and Pamela Perkins ("Perkins"). Replies [Doc. Nos. 53 and 54] were filed by Sheffield, Employer's Mutual and Loves.

For the reasons set forth herein, Defendants' motions for summary judgment are **GRANTED**.

**I.    BACKGROUND**

On February 22, 2021, Lorenzo Perkins was injured when he fell while exiting a portable restroom. The portable restroom was located on an elevated sidewalk outside of Loves in Tallulah, Louisiana.[1] Loves had contacted Sheffield to rent portable restrooms, and instructed Sheffield's employees to place the restrooms on the sidewalk outside the Loves' building.[2] The store did not have running water due to freezing weather.[3] The portable restrooms were located on an elevated

---

[1] [Doc. No. 1-1]
[2] [Doc. No. 47-6]
[3] [Doc. No. 49-4]

sidewalk outside the Loves store.[4] The photograph shows the location in relation to the sidewalk and parking area.

At approximately 10:30 a.m. on February 22, 2021, Perkins stepped from the parking lot surface onto the sidewalk and into the portable restroom.[5] According to Richard Aillet ("Aillet"), an engineer with Riley Company of Louisiana, the sidewalk was elevated about six inches above the parking lot surface and the floor of the portable restroom was approximately six inches above the sidewalk.[6] The portable restroom was situated within a twelve-inch clearance from the edge of the parking lot to the front of the portable restroom.[7]

A short time after entering the portable restroom, Perkins exited the restroom and fell. Perkins testified he was not looking down when he stepped out of the restroom.[8] Perkins alleged that the location of the portable restroom created an unreasonable risk of harm.[9]

Sheffield, Employer's Mutual, and Loves argue that the location of the portable restroom and/or any changes in elevation were open and obvious and therefore did not create an unreasonable risk of harm.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would

---

[4] [Doc. No. 47-5 (photo)]
[5] [Doc. No. 47-4, Perkins Deposition, pp. 28, 46-47]
[6] [Doc. No. 47-8, Aillet Deposition, p. 46]
[7] [Doc. No. 47-4, p. 28]
[8] [Doc. No. 47-4, Perkins Deposition, pp. 51-52, 55]
[9] [Doc. No. 1-1, ¶ 11]

2

affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate."

3

*Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

**B.     Liability Standard**

Liability for defective conditions is governed by Louisiana Civil Code Article 2317.1. Under Article 2317.1, a plaintiff must prove that: (1) the defendant either owned or had care, custody, or control of the thing in question; (2) the thing was a cause-in-fact of the plaintiff's injuries; and (3) the thing presented an unreasonable risk of harm. *Llorence v. Broadmoor Shopping Ctr., Inc.*, 2011-233 (La. App. 3d Cir. 10/15/11), 76 So.3d 134, 137.

For a merchant to be held liable for a condition on their premises, the condition must create an unreasonable risk of harm that was either caused by the merchant or was a condition of which the merchant had knowledge. A patron is under a duty to use ordinary care to avoid injury. A merchant does not have a duty to protect against an open and obvious hazard. *Williams v. Liberty Mutual Fire Insurance Company*, 2016-0996 (La. App. 1 Cir. 3/13/17), 217 So. 3d 421, 425, writ denied. 2017-0624 (La. 6/5/17), 219 So.3d 338.

For an alleged hazard to be considered open and obvious, the hazard should be one that is open and obvious to everyone who may potentially encounter it. *Araujo v. Troxler*, 315 So. 3d 384, 386-87, (La. App. 5th Cir. 2021). When the condition is open and obvious, there is no

4

violation of any duty to a plaintiff. *Edmison v. Caesars Entertainment Company, Inc.,* 177 F.Supp. 3d 972, 978, (E.D. La. 2016).

Where a risk of harm is obvious, universally known, and easily avoidable, the risk is not unreasonable. *White v. BRE NOLA Prop. Owner, LLC*. 2018 WL 3036338 at 4 (E.D. La. June 19, 2018).

C.  **Open and Obvious Hazard**

An open and obvious condition cannot present an unreasonable risk of harm. This issue can be determined at the summary judgment stage. *Id*. The question here becomes whether the condition was open and obvious. If it were, summary judgment should be granted in favor of Defendants. If not, summary judgment should be denied.

In *Broussard v. State, through Office of State Buildings,* 133 So.3d 175 (La. 2013), the Louisiana Supreme Court seemingly held that it is inappropriate to determine whether a condition is open and obvious in a motion for summary judgment. However, this decision was clarified in *Allen v. Lockwood,* 156 So. 3d 650 (La. 2015). The Louisiana Supreme Court in *Allen* concluded that any reading of *Broussard* as a limit on summary judgment practice involving issues of unreasonable risk of harm was a misinterpretation, *Id*. at 652-63. Therefore, summary judgment can be used to determine whether a condition is open and obvious.

The photograph[10] of the portable restroom and location shows the parking lot, the sidewalk, and the portable restroom. The elevation from the parking lot to the sidewalk could easily be seen by anyone who encountered it. The elevation from the sidewalk to the floor of the portable restroom could also be easily seen. In Perkin's deposition testimony,[11] Perkins testified

---

[10] [Doc. No. 47-5]
[11] [Doc. No. 47-4, pp. 50-55]

that he stepped into the portable restroom without incident. Perkins stated that he was in the portable restroom for two to three minutes before exiting. As he exited the portable restroom, he did not look down and testified there was no place where he could step, and he fell. His feet did not touch either the sidewalk or the pavement.[12]

In *Lee v. AutoZone Stores, LLC*, 2019 WL 95465, (E.D. La. (Jan. 3, 2019), the plaintiff initially stepped onto a curb, which was elevated about six inches above the parking lot, and into the AutoZone store without incident. Upon leaving the store, the plaintiff failed to notice the difference in elevation between the ground and the parking lot, resulting in him losing his balance and falling. Because the court found that the curb was open and obvious on summary judgment, it found that it did not present an unreasonable risk of harm. Numerous other cases have held the same, *See, for e.g., - Martin v. Boyd Racing, LLC*, 2016 WL 1546782, at *3 (W.D. La., April 14, 2016), affirmed 681 F. App'x 409 (5th Cir. 2017); (algae on curb not an unreasonably dangerous condition); *Washington v. St. Charles Gaming Co, Inc.* 2008 WL 394214, at *3 (W.D. La. Feb. 12, 2008) (wet curb not an unreasonably dangerous condition); and *Leonard v. Sam's W. Inc.* 2013 WL 121761, at *4 (M.D. La. Jan. 9, 2013) (eight-inch-long depression in a parking lot did not create an unreasonably dangerous condition).

In another factually similar case, *Williams v. Liberty Mutual Fire Insurance Co.,* 217 So. 3d. 421, 424-25 (La. App. 1st Cir. 2018), writ denied, 219 So. 3d 338 (La. 2017), a plaintiff fell from an elevated curb onto the parking lot surface. Plaintiff argued the curb was unreasonably dangerous because it violated safety codes and lacked warning signs. However, finding that the curb was open and obvious, the court granted summary judgment in favor of the defendants.

---

[12] [Id.]

*Primeaux v. Best Western Plus Houma Inn*, 274 So. 3d 20 (La. App. 1st Cir. 2019), involved a situation where the plaintiff fell when his foot caught the ledge of an elevated entryway. Primeaux had used this entryway on at least one prior occasion without incident. Finding the curb an open and obvious condition, the appellate court affirmed the lower granting of summary judgment.

In *Badeaux v. Louisiana-I Gaming*, 2021 WL 5386136 (E.D. La. Nov. 18, 2021), *recon. denied*, 2022 WL 444233 (E.D. La. Feb. 14, 2022), the court granted a summary judgment in favor of a defendant where a plaintiff tripped over an unobstructed sprinkler head which was raised seven inches above the ground. The plaintiff, like Perkins, never looked down prior to falling. The court found the sprinkler was an open and obvious condition.

In opposition, Perkins cites to the Affidavit of expert Donald Magginis[13] ("Magginis"), a Louisiana architect. Magginis testified in his Affidavit that the double change in elevation was dangerous and that the portable toilets were not placed in a safe location. Magginis also noted that, after the fall, the portable toilets were moved to a safer location with a "Watch Your Step" sign. Magginis also indicated building and safety codes require a landing because people do not normally expect there to be a drastic change in elevation as they step out of a doorway.

However, Magginis admitted in his report that the safety codes he referenced do not apply to portable restrooms.[14] Additionally, the references to subsequent remedial measures (moving of the restrooms and putting up a sign), after the accident would not be admissible under Federal Rule of Evidence 407. Likewise, Magginis's testimony that the placement of the portable toilet qualified as a dangerous condition is conclusory and would not assist the trier of fact. Further, as set forth

---

[13] [Doc. No. 42-3]
[14] [Doc. No. 51-3]

7

in *Williams,* 217 So. 3d at 426, and in *Primeaux,* 274 So. 3d at 27, conclusory expert testimony "without more, is not enough to preclude a condition from being deemed open and obvious on summary judgment."

This Court finds that the photograph reflects that the condition in this case was open and obvious. The incident happened in the morning at approximately 10:30 a.m. Perkins entered the restroom by stepping off the curb, onto the sidewalk and into the portable restroom. Despite knowing there was a twelve-inch drop from the floor of the portable restroom to the parking lot, Perkins stepped off into the parking lot (instead of the sidewalk) without looking.

### III.   CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motions for Summary Judgment [Doc. Nos. 47 and 49] filed by Defendants Sheffield, Employers Mutual, and Loves are **GRANTED.**

**IT IS FURTHER ORDERED** that all claims against said Defendants are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 22nd day of February 2023.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT COURT**